

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

JLH / PL AGR

October 30, 2020

RECEIVED

JANUARY 14, 2021

At: 8:30 _____ .m

WILLIAM T. WALSH

CLERK

Henry E. Klingeman, Esq.
Klingeman Cerimele, Attorneys
60 Park Place, Suite 1100
Newark, New Jersey 07102

Re: Plea Agreement with Alex Fleyshmakher
    Criminal No. 18-462-04 (MAS)

Dear Mr. Klingeman:

This letter sets forth the plea agreement between your client, Alex Fleyshmakher, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Alex Fleyshmakher to a two-count Superseding Information charging him with: (1) in Count 1, knowingly and willfully conspiring to offer and pay illegal kickbacks and bribes in violation of the federal Anti-Kickback Statute, namely by offering and paying bribes in return for steering prescriptions to the Prime Aid Pharmacies, located in Union City, New Jersey and Bronx, New York (the "Prime Aid Pharmacies"), for which payment was made in whole or in part under a Federal health care program, namely, Medicare and Medicaid, contrary to Title 42, United States Code, Section 1320a-7b(b)(2), in violation of 18 U.S.C. § 371; and (2) in Count 2, conspiracy to defraud the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 371.

If Alex Fleyshmakher enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Alex Fleyshmakher in connection with: (1) during the time period of in or about January 2008 through in or about August 2017, participating in a conspiracy to offer and pay kickbacks to steer prescriptions to the Prime Aid Pharmacies; (2) during the same time period, a conspiracy to commit health care fraud in connection with the Prime Aid Pharmacies by billing for prescription medications that were not provided to patients; and (3) conspiring with others to defraud the IRS by filing and causing to be filed false personal and corporate income tax returns from in or about 2012 through in or about 2017, by fraudulently cashing and transferring checks made out to the Prime Aid Pharmacies, and failing to disclose that income to the IRS.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Alex Fleyshmakher agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Alex Fleyshmakher may be commenced against him, notwithstanding the expiration of the limitations period after Alex Fleyshmakher signs the agreement.

Sentencing

The violations of 18 U.S.C. § 371 to which Alex Fleyshmakher agrees to plead guilty in Counts 1 and 2 of the Superseding Information each carry a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence on each count may run consecutively.

The sentence to be imposed upon Alex Fleyshmakher is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory

fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Alex Fleyshmakher ultimately will receive.

Further, in addition to imposing any other penalty on Alex Fleyshmakher, the sentencing judge: (1) will order Alex Fleyshmakher to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessments must be paid by the date of sentencing; (2) for Count 2, must order Alex Fleyshmakher to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) for Count 1, must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (4) pursuant to 18 U.S.C. § 3583, may require Alex Fleyshmakher to serve a term of supervised release of not more than three years on each of Counts 1 and 2, which terms of supervised release will begin at the expiration of any term of imprisonment imposed. Should Alex Fleyshmakher be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Alex Fleyshmakher may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Alex Fleyshmakher agrees to pay restitution in the amount of $9,098,112.00 to the IRS. Alex Fleyshmakher understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. Alex Fleyshmakher agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct. The restitution amount is based upon the total amount of loss attributable to Forms 1040, United States Individual Income Tax Returns, for Alex Fleyshmaker for calendar years 2012 through 2016, and shall be paid according to a payment plan established by the Court. If the Court orders Alex Fleyshmakher to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Alex Fleyshmakher does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Alex Fleyshmakher's timely payment of restitution, according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Alex Fleyshmakher agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 371 charged in Count 1 of the Superseding Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Alex Fleyshmakher waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Alex Fleyshmakher further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Alex Fleyshmakher fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Alex Fleyshmakher has intentionally failed to disclose assets on his Financial Disclosure Statement, Alex Fleyshmakher agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Alex

Fleyshmakher by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Alex Fleyshmakher's activities and relevant conduct with respect to this case.

Stipulations

This Office and Alex Fleyshmakher agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Alex Fleyshmakher from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Alex Fleyshmakher waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Alex Fleyshmakher understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to

immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Forms 870 Waiver

Prior to the date of sentencing, Alex Fleyshmakher shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2012, 2013, 2014, 2015, and 2016; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Alex Fleyshmakher agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Alex Fleyshmakher. With respect to disclosure of the criminal file to the IRS, Alex Fleyshmakher waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Alex Fleyshmakher's tax returns and return information.

Furthermore, Alex Fleyshmakher agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2012 through 2016 or for any other amounts paid in accordance with this agreement. Alex Fleyshmakher agrees that the provisions set forth in this agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Alex Fleyshmakher. This agreement does not prohibit the United States, any agency thereof (including the IRS), or any third party from initiating or prosecuting any civil or administrative proceeding against Alex Fleyshmakher.

No provision of this agreement shall preclude Alex Fleyshmakher from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Alex Fleyshmakher received constitutionally ineffective assistance of counsel

No Other Promises

This agreement constitutes the plea agreement between Alex Fleyshmakher and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

*[signature]*

By: Joshua L. Haber
Assistant U.S. Attorney

APPROVED:

*[signature]*

Lee M. Cortes, Jr.
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Henry E. Klingeman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 11/21/20
Alex Fleyshmakher

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 11/23/2020
Henry E. Klingeman, Esq.

<u>Plea Agreement with Alex Fleyshmakher</u>

<u>Schedule A</u>

1. This Office and Alex Fleyshmakher recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Alex Fleyshmakher nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Alex Fleyshmakher within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Alex Fleyshmakher further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Count 1—Conspiracy to Violate the Anti-Kickback Statute**

3. The guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is conspiracy to pay illegal remuneration in violation of the federal Anti-Kickback Statute, the applicable guideline is U.S.S.G. § 2B4.1.

4. Under U.S.S.G. § 2B4.1, the Base Offense Level is 8.

5. The improper benefit involved in the offense charged in Count 1 exceeded $9,500,000 but did not exceed $25,000,000, which results in a 20-level enhancement pursuant to U.S.S.G. § 2B4.1(a)(1) and U.S.S.G. § 2B1.1(b)(1)(K).

6. The total Guidelines offense level for Count 1 is therefore 28.

**Count 2—Conspiracy to Defraud the IRS**

7. The guideline for this offense is U.S.S.G. § 2T1.1. The Base Offense Level is 24, because the offense charged in Count 2 and all relevant conduct involved a tax loss of $9,098,112.00. U.S.S.G. §§ 2T1.1(a)(1) & 2T4.1(J).

8. The offense involved sophisticated means, which results in a 2-level enhancement pursuant to U.S.S.G. § 2T1.1(b)(2).

9. The total Guidelines offense level for Count Two is therefore 26.

### Grouping

10. The parties agree that Counts 1 and 2 of the Superseding Information group together pursuant to U.S.S.G. § 3D1.2(d) because the Counts were part of one overall scheme or were closely related within the meaning of U.S.S.G. § 3D1.1 and 3D1.2. The offense level for the group, pursuant to U.S.S.G. § 3D1.3, is the highest offense level of the counts in the Group, in this case, 28. Accordingly, the total combined offense level is 28.

### Acceptance of Responsibility and Plea

11. As of the date of this letter, Alex Fleyshmakher has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Alex Fleyshmakher's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Alex Fleyshmakher has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Alex Fleyshmakher's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Alex Fleyshmakher enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Alex Fleyshmakher's acceptance of responsibility has continued through the date of sentencing and Alex Fleyshmakher therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Alex Fleyshmakher's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

### Additional Stipulations

13. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Alex Fleyshmakher is 25 (the "agreed total Guidelines offense level").

14. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense is reasonable.

15. Alex Fleyshmakher knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.