

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

January 18, 2024

**VIA ECF**

Honorable Michael A. Shipp
United States District Judge
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re: *United States v. Khaimov, et al.,* **Crim. No. 18-462**

Dear Judge Shipp:

As Your Honor is aware, this Firm represents defendant Yana Shtindler in the above-referenced matter.  We write in advance of tomorrow's telephone status conference in this matter to set forth, as we promised the Government we would do, Ms. Shtindler's position with respect to the matters raised in the correspondence filed on behalf of defendant Samuel Khaimov ("Mr. Khaimov") [ECF No. 151], which was then followed by correspondence from the Government [ECF No. 153].

Motion for Severance

First, Ms. Shtindler joins in Mr. Khaimov's request for a severance, and welcomes the opportunity to discuss it further, including making additional submissions with regard to it.  In doing so, Ms. Shtindler certainly recognizes that this request could, potentially, have been made earlier, though, as set forth below, the issues raised have only come to the fore as a result of the Government's recent disclosures.

More generally, the law is clear that motions for severance may be filed at any time. *See, e.g., United States v. Scarfo,* No. 11-cr-740 (RBK), 2012 WL 4120504, at *12 (D.N.J. Sept. 19, 2012) ("[T]he opportunity to consider the need for severance is not limited to the pretrial stage."); *United States v. Searcy*, No. 89-cr-00174, 1990 WL 79416, at *3 (E.D. Pa. June 8, 1990) (noting a motion for severance could have been made pretrial or during the trial); *see generally* Fed. R. Crim. P. 12(c)(3) (recognizing that the Court has discretion to consider the untimely pretrial requests "if the party shows good cause.").  As Mr. Beck's letter sets forth, good cause exists to consider a motion for severance at this time where, as here, it was not until the Government served its Witness List and produced witness statements that the potential testimony of each of Mr. Khaimov and Ms. Shtindler could be considered, raising the severance issue discussed in *Blunt*, 930 F.3d 119 (3d Cir. 2019).  Given those disclosures, which shed substantial light on the Government's proposed trial strategy, Ms. Shtindler joins Mr. Khaimov's motion for severance and will, with leave of the Court, provide an *in camera*, *ex parte* submission to the Court setting forth what Ms. Shtindler's testimony would be and how it would implicate Mr. Khaimov's spousal privilege.

G<span>IBBONS</span> P.C.

Honorable Michael A. Shipp, U.S.D.J.
January 18, 2024
Page 2

Motion to Dismiss

On October 24, 2022, the deadline for the submission of pretrial motions, we filed, on behalf of Ms. Shtindler, an application for issuance of a Rule 17 subpoena to Express Scripts [ECF No. 102], addressing issues which were, at the time, the focus of our investigation and efforts. It may be that we should have focused also on a facial challenge to the wire fraud counts, but we did not do so. In any event, having reviewed the brief submitted on behalf of Mr. Khaimov on these grounds [ECF No. 151-1], we respectfully join in the request for leave to file, out of time, a motion to dismiss Counts Six, Seven, Eight, and Nine. Although there is no doubt that this request could be denied, as counsel for Mr. Khaimov notes, his request is supported by good case, and, as a practical matter, there would be a benefit to the Court and counsel to litigate this matter now, rather than in the midst of or following trial, under Federal Rule of Criminal Procedure 29, or worse, post-conviction (as a Sixth Amendment ineffective assistance of counsel claim under 28 U.S.C.§ 2255). Indeed, we believe that this issue can be promptly litigated without any effect on the trial date.

Other PBM Subpoenas

As noted above, we filed the application for issuance of a Rule 17 subpoena to Express Scripts, Inc. ("ESI") on October 24, 2022, in accordance with Your Honor's scheduling order. [ECF No. 102 *Sealed*]. Your Honor granted that motion on March 31, 2023 and ordered that ESI produce documents responsive to the subpoena within 30 days after service of the subpoena. [ECF No. 111]. On April 17, 2023, counsel notified the Court that the ESI Subpoena had to be re-issued because of a previously unknown conflict at our firm. [ECF No. 113]. The following day, the Clerk's Office reissued the ESI Subpoena [ECF No. 120 *Sealed*, Ex. A] and service of that Subpoena was effected on May 5, 2023. On June 5, 2023, counsel for ESI filed an *ex parte* Motion to Quash the Subpoena. [ECF No. 120 *Sealed*]. Defense counsel did not receive a copy of that motion until September 13, 2023 [ECF No. 121] and filed their opposition on October 6, 2023 [ECF No. 126 *Sealed*]. ESI filed a reply brief in further support of its Motion to Quash on October 20, 2023. [ECF No. 134].[1] On October 20, 2023, Your Honor denied ESI's Motion to Quash and compelled ESI to complete discovery by November 30, 2023. [ECF Nos. 136, 137]. As the Court is aware, ESI's production of documents in response to the Subpoena was deficient, but counsel for Mr. Khaimov is working with ESI to resolve these deficiencies. No request for a continuance of the trial has been made as a result

As noted in the original application for the Rule 17 subpoena to ESI, the motion was made only as to ESI at the time because it was the only Pharmacy Benefit Manager ("PBM") named in the Superseding Indictment (ECF No. 24, ¶ 1r ("PBM-1")). That said, defendants were, as the

---

[1] Despite filing the original application for issuance of the Rule 17 Subpoena *ex parte,* as defense counsel was entitled to do, we were always transparent with the Government with regard to the issues being raised, including throughout briefing on ESI's Motion to Quash; the Government did not take a position on the merits of ESI's motion. [ECF No. 131].

GIBBONS P.C.

Court was advised, certainly "exploring from the discovery produced . . . whether a similar chain of events occurred with respect to other PBMs . . . including CVS Caremark." [ECF No. 102-1 at 14, n. 8]. When ESI moved to quash, counsel decided to hold service of the trial subpoenas seeking similar information from other PBMs in abeyance until the Court decided that Motion so as to not waste time and resources on subpoenas that would very likely be treated similarly. Once the Court denied ESI's motion on November 30, 2023, and upon receipt of the Government's Witness List, which names a number of PBMs, including CVS, counsel began to diligently pursue this discovery from other PBMs. With conflict checks now cleared, these trial subpoenas are being served tomorrow or, in the event of inclement weather or other unforeseen delay, early next week at the latest. Again, no request for an extension of the trial date has been made, though, in our review, counsel for Mr. Khaimov only acted responsibly in advising the Court as to these developments. That said of course, trial subpoenas like those being issued here are entirely commonplace and there is no reason to believe that the PBM subpoena recipients will not, especially once they are in possession of the Court's prior Order, timely comply so as not to affect the trial date.

* * *

As always, we thank Your Honor for your kind consideration of this matter and look forward to discussing these issue further during tomorrow's telephone conference.

Respectfully submitted,

*s/ Lawrence S. Lustberg*
Lawrence S. Lustberg

cc:     All Counsel (via ECF)